FILED

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA COURTHOUSE

PLAINTIFF

Ripon K. Datta

VS.

DEFENDANT

Fairfax county public school, (POE Middle School)

1:19-CV-1227 (RDA/MSN)

Comes Now, This civil action under Title VII, Civil Rights Act of 1964. 42 U.S. Code 1983 for deprivation of rights has been brought by Ripon K. Datta, former substitute teacher against Fairfax county public school chapter POE Middle School. Due to Mr. Datta's sudden illness, he was unable to attend his following assignment, but, he informed the school about sickness. Around, 10 Am he had received a voice mail that was" Mr., Datta we are disappointed about your action. We are taking this matter seriously. However, we are expecting your immediate response. The seriousness of the sickness and unwanted stress lead him to hospital for further treatment (Fairfax Community Health Care Network), but unfortunately Mr. Datta was refused from hospital due to lack of his insurance, by the time, as a newcomer here in the united states he had no clear understanding about the whole source of supports. However, it was a critical situation for Mr. Datta to get treatment and on the other hand critical response from the employer. Mr., Datta realized that there would might necessary to provide a medical document as a proof of sickness. Whereas the lack of it and the importance of emergency response lead him to POE Middle School to inform the fact of illness and know about their emergency response. From (Fairfax Community Health Care Network, Merrifield, to POE Middle School, Annandale are the way to his residence, so, it was convenient to get there even though he was sick. However, this importance of voice mail was driven as a critical warning. As a substitute teacher and studying on to becoming a full-time teacher, it was a very important matter to him. Also, Mr. Datta thought that it is better to talk before things become more complicated. It was about 2:15 PM on the date of his class, Mr. Datta had reached the POE Middle School and approached to the front desk to speak with AA about his assignment and how they managed it, and about voice mail, in response AA informed him that they were able to assign someone instead of him so everything was fine. Afterward, Mr. Datta stated his sickness and hospital issues that he got refused from treatment due to lack of insurance and his pleading. And even, AA showed to Mr. Datta the new list of the substitute assignment, where new sub name was replaced instead of Mr. Datta. And in the response of the emergency matter, POE'S AA said: "just kidding". According to Mr. Sean McDonald, POE'S AA complains to FCPS about the conduct of Mr. Datta. Mr. Sean P. McDonald. Director of Talent Acquisition and Management office of Fairfax County public school had been issued a letter of termination to Mr. Datta as mentioned the "Conduct at POE Middle School." On September 21st, 2017.

During more than a yearlong teaching profession Mr. Datta had no complaint and violation, but,

the action of termination was taken without any administrative hearing and given Mr. Datta a chance to defend himself that was Plaintiff's Fifth Amendment due process clause rights, and also, protected by the rights of Fourteenth Amendment's equal protection clause and [42 U.S. Code 1981] protection against impairment, and the Equal Employment Opportunity Act (Public Law 92–261) of 1972 was designed to prohibit job discrimination. Where both sides shall have equal opportunity to defend themselves for fairness and to avoidance of any unreasonable consequences. In this civil rights discrimination interpretation, Justice Lewis F. Powell wrote, "the guarantee of Equal Protection cannot mean one thing when applied to one individual and something else when applied to a person of another color." Due process protection requires that employees receive a fair process before termination if the termination relates to a "liberty" (rights of free speech) and property interest, but that was violated.

WHEREAS, The Poe Middle School established conduct by raising a false accusation during Mr. Datta's critical health problems that were serious attack and its impact lead Mr. Datta involved in many life-threatening problems that he is living with now. The motive of the termination accusing by the conduct of a teacher can be identified as a conspiracy with moral conduct and interfere with civil rights.

Plaintiff Mr. Datta was an active substitute teacher and his participant rate was high. During that time Mr. Datta had been busy with studying for his teaching license. He was very consistent about his assignment might be found in his attendance record. During Mr. Datta's sickness, it was a brutal attack on his identity, career, reputation, rights, life, liberty, property, and happiness by unconstitutionally termination and false accusation. It has been identified as a discriminative action, because, in his crisis as a public servant he was expected reasonable and lawful action from the defendant.

WHEREAS, more than a yearlong substitute teaching experience encouraged Mr. Datta to get an opportunity of a one-year provisional license or fulltime teacher assistant position form FCPS until he accomplishes his teaching license. Mr. Datta's interests and advised by Ashley Wilkins, Program Head, in teaching license Program at Northern Virginia community college, and Mary Slone, Pre-Education Advising Coordinator, College of Education at the George Mason University, lead him to take admission at Northern Virginia Community College to fulfill some required courses.

It was challenging for substituting in a different location, since, he has enrolled for his academic education and preparation of the teaching license exam, so that, he asked for an opportunity with flexibility, which is part of Virginia public policy, especially for student worker rights. Whenever he has not received any positive feedback, then, he decided to apply to DCPS that was also recommended by one of the teachers from FCPS. As an applicant, DCPS(District of Columbia public school) invited Mr. Datta for interview. However, DCPS issue a conditional offer letter for Drug Test, TB Test, and Background check, on July 18th, 2017. On August 16th, 2017 he had received a letter regarding onboarding orientation schedule for October 4th, 2017 from 9: Am to 12: pm. FCPS had terminated Mr. Datta on September 21st, 2017. Because of this unconstitutional termination, everything had changed and its impact spread everywhere, still

ongoing. How harm it could be by damaging one's reputation and taken away property, a liberty that had happened in Mr. Datta's case. Mr. Datta was refused by DCPS whether he had orientation through completing the whole hiring process. whereas this violation strikes him badly and On October 30th, 2017 he had to pass through INOVA emergency department. Mr. Datta dealing with several charges ongoing in state courts, so, this unlawful termination and attack on reputation are one of the causes of action.

Mr. Datta had been taken several initiatives to set an appointment with the Human Resource Department to discuss the issue because it was his responsibility and reputational concern and professional fairness issues. However, it had a tremendous impact on his psychological, economic and social issues. At the end, of December 2017 he requested to the Human Resource Department to organize a hearing but failed to achieve any outcome. However, Mr. Datta has tried to discover the fact that also he failed.

Mr. Datta requested to know the specific reason for his termination about the conduct by certified mail and in response on April 17, 2019, Mr. Sean P. McDonald. The director of Talent Acquisition and Management stated that " POE Middle School AA informed him" Mr. Datta did not show up for the assignment. Front Office Staff Called at 8 a.m. and left a message asking where he is. He was not in the building all day. At 2:30 he showed up at the front office to sign out stating that he had been with the other substitute. POE's AA told him that we are aware that he had not been here, He stated, "Only kidding."

Evidently can be found that Mr. Datta was working on to participate teaching license exam, and, on the other hand, was under the process to move to DC public school by avoiding any unwanted conflict. Why was he planning to move to DCPS? was there any ignorance from FCPS previously? And FCPS was not satisfied with Mr. Datta? if so, why they did not warn him before? In his yearlong service if they did not find any mistake, how they can decide by violating the rights? Where there was no proof of evidence. this action identified under 42 U.S. Code § 1981a. as intentional discrimination in employment, under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. 2000e–5, 2000e–16].

Whether, teacher's rights are guaranteed by the state and the United States Constitutions. The fourteenth amendment provides no state shall"..deprive any person of life, liberty, or property, without due process of law..." Also, teachers are protected by the first amendment.

Before liberty and property right is taken away, there must be an opportunity for a hearing; the hearing must be conducted by an impartial tribunal; the decision should be based on the evidence presented at the hearing. Supreme court of Missouri in Valter v. orchard farm school district, 541 S.W. 2d 550 (Mo. 1976).

Concerning liberty, the supreme court in Roth said that a liberty interest arises if charges are made against an individual "....that might seriously damage his standing and associations in his community. " That had happened in Mr. Datta's case. A charge of dishonesty or immorality would damage one's good name, reputation, honor, or integrity," and if such were leveled against a teacher, then a hearing to refute the charges would be required. A liberty interest arises if a

school district places a "stigma" upon the teacher that forecloses his or her freedom to pursue employment opportunities in the teaching profession.

In board of regents v. roth, 408 U. S. 564 (1972), provides the meaning of property and liberty interests. The supreme court observed that the fourteenth amendment requires an opportunity for a hearing is a "property" or" liberty" interest is jeopardized. The court said: "the range of interests protected by procedural due process is not infinite," but liberty and property are.

The United States Supreme court in Roth has observed that liberty and property are " broad and majestic" terms. and society demands that if one of these rights is denied, then the due process is required. The liberty interest is involved if the employer stigmatizes the employee and jeopardizes the opportunity for future employment.

Whereas, Virginia as an at-will employment state, found an exception if the termination violates a well-defined public policy of the states. However, Mr. Datta's health and safety was a high public policy concern. This wrongful discharge directly violates public police in which Mr. Datta's property rights, personal freedom, reputation, health, safety, and welfare guarded. [Lockhart v, commonwealth Edu. Sys. corp, 247 VA.

Whereas, this libel attack on Mr. Datta's reputation as a public figure and a teacher. In New York Times Co. v. Sullivan, the Court held that proof of actual malice is required for an award of damages in an action for libel involving public officials or matters of public concern. The Court reasoned that speech related to matters of public concern is at the heart of the protections guaranteed by the First Amendment and outweighs the State's interest in compensating individuals for damage to their reputations.

Under Alien Tort Act 28 U.S.C. § 1350, Mr. Datta is protected by the treaty of the United States and international law that was violated. By international law, no matter where the harm occurred, or who inflicted the harm, as long as the plaintiff serves process in U.S. Territory. Filártiga v. Peña-Irala, 630 F.2d 876 (2d Cir. 1980). The international legal norms that will qualify as a cause of action under ATS must be "specific, universal, and obligatory." Sosa at 732. For example, it has been held that genocide, war crimes, and crimes against humanity. Kadic v. Karadzic, 70 F.3d 232 (2d Cir.1995).

Mr. Datta born in Bangladesh. He immigrated as a permanent residence to the united states of America in 2015 that application was submitted at the states department in 2002. Mr. Datta holds an international Bachelor Degree from the Republic of Cyprus, so, as an international student, he had achieved his Degree with honor, dignity, and reputation. He had gained experience and understanding from international cultures and values. He had been involved in himself social (health and wellness) since he completed his bachelor degree. He was able to build a well-organized movement for human development. Mr. Datta also an active participant in various training and certification of health and wellness program. Therefore, it was a serious attack on his reputation, life and career without lawful process (Due Process) and unlawful accusation.

Wherefore, this action has been brought by Plaintiff Ripon K. Datta under 42 U.S. Code 1983

within the jurisdiction against defendant POE Middle School, Fairfax County public school, thereof to the deprivation of his rights, privileges that secured by the constitution and laws. Mr. Datta requested to the court to investigate, what exactly was the conduct that enforced them to terminate Mr. Datta by violating his constitutional rights and laws of the nation, and international treaty. What was the impact of the damages by his nature of conduct? Why they were so sure about their assumption on Mr. Datta's conduct that was violation without fair investigation? Mr. Datta believes that it was an intentional and aggressive discriminative civil right violation and disrespect of another national. Fairfax County public school cannot take any decision based on AA complain against a teacher. Whether Fairfax county public school and Mr. Datta were agreed to fulfill each other lawful interest and obligation and understanding. The defendant is liable for their action in which Mr. Datta is suffering by losing his property, liberty and deprived of peaceful life  It is not possible to bring him back what he lost, but, for fairness and justice, there shall have a reasonable evaluation that the court shall decide. Mr. Datta appears to the court to achieving justice through a fair trial where each side shall have an equal opportunity to prove their claim. \ How this unconstitutional and discriminative termination shall be scrutinized and interpreted under the constitutional, civil rights, and other laws.

Date:- 09-20-2019

Ripon K Datta

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria DIVISION

Ripon K. Datta
_____
Plaintiff(s),

v.

Fairfax County Public School (POE Middle School)
_____
Defendant(s).

Civil Action Number: 1:19-cv-1227 (RDA/MSN)

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of **Complaint**.
(Title of Document)

Ripon K. Datta
_____
Name of *Pro Se* Party (Print or Type)

/s/ Ripon Datta
_____
Signature of *Pro Se* Party

Executed on: **09-20-2019** (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)