IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

RIPON K. DATTA )
)
    Plaintiff, )
)
v. ) No. 1:19-cv-1227 (RDA)
)
FAIRFAX COUNTY SCHOOL BOARD,[1] )
)
    Defendant. )

## **ORDER**

This matter comes before the Court on Defendant Fairfax County School Board's ("Defendant") Motion to Dismiss ("Motion to Dismiss") (Dkt. 8) and Plaintiff Ripon K. Datta's Motion for Leave of Court ("Motion for Leave to Amend") (Dkt. 14), Motion to Compel Health Exam ("Motion for Health Exam") (Dkt. 15), and Motion for Declaratory Judgment (Dkt. 13). Considering the Complaint (Dkt. 1), the Motion to Dismiss (Dkt. 8), the Memorandum in Support of Defendant's Motion to Dismiss (Dkt. 9), the Motion for Leave to Amend, the Motion for Health Exam, the Motion for Declaratory Judgment, and Defendant's Responses to Plaintiff's Motion for Health Exam, Motion for Leave of Court, and Motion for Declaratory Judgments ("Responses to Plaintiff's Motions") (Dkt. 16), it is hereby ORDERED that Plaintiff's Motion for Leave to Amend is GRANTED with respect to the caption of the case, Defendant's Motion to Dismiss is GRANTED, Plaintiff's Motion for Declaratory Judgment is DENIED, and Plaintiff's Motion for Health Exam is now moot.

---

[1] For the reasons stated below (*infra*, p. 5-6), the caption of this case is to be corrected to name Fairfax County School Board as the Defendant.

I. BACKGOUND

A. Factual Background

Plaintiff was born in Bangladesh and came to the United States in 2015. Dkt. 1, 4. Around 2016, Plaintiff was employed as a substitute teacher in the Fairfax County Public School System. *Id.* at 1.

On September 21, 2017, Defendant terminated Plaintiff's employment. *Id.* at 1, 3. When Plaintiff inquired as to why he was being terminated, Plaintiff received a response from the Fairfax County School Board's Director of Acquisition and Management ("the Director"). *Id.* at 3. The Director indicated that Plaintiff was terminated for failure to be present at one of his substitute teaching assignments. *Id.* Plaintiff advised the Defendant that he missed the assignment because of a sudden illness.

The Director further provided that on the day that Plaintiff failed to show up for work, a representative from Plaintiff's assigned school called Plaintiff at 8:00 a.m. *Id.* When Plaintiff did not answer the telephone, the school's representative left Plaintiff a voicemail indicating that Plaintiff had "not [been] in the building all day," and asked Plaintiff where he was. *Id.*

Additionally, the Director indicated that at 2:30 p.m. on the same day that Plaintiff failed to appear for work, Plaintiff came to the assigned school's front office and attempted to "sign out." *Id.* The Director explained, when Plaintiff came to sign out, Plaintiff said that all day he had been with the substitute teacher assigned to replace him. *Id.* The school's representative told Plaintiff that he was aware that he was not present at the school that day. *Id.* Plaintiff retorted, "only kidding." *Id.* The Director indicated that because of these actions, Defendant was required to terminate Plaintiff's employment. *Id.*

B. Procedural Background

On September 20, 2019, Plaintiff filed a Complaint in this Court setting forth three claims concerning his alleged unlawful termination of employment: (1) discrimination on the basis of national origin in violation of the Civil Rights Act of 1964; (2) violations of due process under the Fourteenth Amendment to the United States Constitution; and (3) common-law libel. *Id.*

On November 7, 2019, Defendant filed the Motion to Dismiss presently before the Court. Dkt. 8. Pursuant to Local Civil Rule 7(F), should Plaintiff have desired to file a brief in opposition to Plaintiff's Motion, Plaintiff was required to do so by November 21, 2019. Plaintiff did not oppose Defendant's Motion to Dismiss by this deadline, and to date, has not filed a brief in opposition to Defendant's Motion.

However, on January 10, 2020, Plaintiff filed the Motion for Declaratory Judgment, Motion for Leave to Amend, and Motion for Health Exam. Dkt. Nos. 13, 14, 15. On January 23, 2020, Defendant filed its Responses to Plaintiff's Motion (Dkt. 16), and then on January 27, 2020, Defendant filed Exhibit A to Memorandum in Support of Defendant's Motion to Dismiss. Dkt. 17.

Pursuant to Fed. R. Civ. P. 78 (b) and Local Civil Rule 7(J), this Court has found that oral argument would not aid in the decisional process. Thus, the matter is ripe for disposition on the pleadings.

II. STANDARD OF REVIEW

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal citations omitted); *see* Fed. R. Civ. P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

*Twombly*, 550 U.S. at 555. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Id.*

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Id.*; *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *E. Shore Mkts., Inc. v J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995); *see also E. Shore Mkts., Inc.*, 213 F.3d at 180 ("[w]hile we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts . . . . [s]imilarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.").

While a plaintiff alleging employment discrimination need not establish a *prima facie* case at the pleading stage, he must still allege "facts sufficient to state all the elements of [his] claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *see also Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).

That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court

into his advocate. *Green v. Sessions*, No. 1:17–cv–01365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

III. ANALYSIS

A. Motion for Leave to Amend Complaint

Based on the Motion for Leave to Amend, it appears that Plaintiff desires to amend the caption of this case to properly name the Defendant as "Fairfax County School Board" as opposed to "Fairfax County Public School." Dkt. 14.

It is further apparent that Plaintiff intended to bring suit against the Fairfax County School Board and not "Fairfax County Public School" because Plaintiff addressed his summons to the same address that is listed on Fairfax County Public Schools' website as belonging to the "Fairfax County School Board." *Compare* Dkt. Nos. 6 and 7 (indicating summons was returned and executed to "8115 Gatehouse Road, Falls Church, VA 22042"), *with* FAIRFAX COUNTY PUBLIC SCHOOLS, *School Board Office: Contact the Fairfax County School Board Office*, http://fcps.edu/school-board/school-board-office (last visited Jan. 30, 2020) (listing "8115 Gatehouse Road, Suite 5400, Falls Church VA 22042" as the "School Board Office Address").

Defendant perhaps realizing Plaintiff's *pro se* status, filed its Motion to Dismiss indicating Defendant was coming before the Court as "Fairfax County School Board on behalf of the improperly named Defendant "Fairfax County Public School (Poe Middle School)." Dkt. 8. Plaintiff then filed his Motion for Leave to Amend Complaint apparently in an attempt to correct his error. Dkt. 14. Defendant responded to Plaintiff's Motion for Leave to Amend and indicated that

> [t]o the extent [Plaintiff's Motion for Leave to Amend] seeks to correct the caption in this case to reflect that the Fairfax County School Board (and not "Fairfax County Public School" or "Poe Middle School") is the proper party defendant to this action, Defendant does not object to this correction.

5

Dkt. 16.

This Court recognizes Plaintiff's *pro se* status and acknowledges that Defendant does not oppose the amendment of its name in the caption of this case. Thus, this Court finds that in the instant matter, the interests of justice are served by allowing Plaintiff to correct the caption of this case. Accordingly, Defendant's Motion for Leave to Amend is granted with respect to the caption of the case, and hereinafter the caption of this case shall be Datta v. Fairfax County School Board.

B. Motion to Dismiss

1. Discrimination on the basis of national origin

*a. Timeliness*

Plaintiff alleges that Defendant discriminated against him based on Plaintiff's national origin when Defendant terminated Plaintiff's employment. Dkt. 1, 1. Defendant first asserts that this claim is time-barred pursuant to 42 U.S.C. § 2000e-5(e). Dkt. 9, 3-5.

Section 2000e-5(e) provides in relevant part that

> [a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially initiated proceedings with a State or local agency with authority to grant or seek relief from such practice . . . such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier . . . .

42 U.S.C. § 2000e-5(e).

In arguing that Plaintiff's Complaint is time-barred, Defendant asks this Court to consider Exhibit A, which Defendant incorporated into its Motion to Dismiss by reference to demonstrate that Plaintiff filed a complaint with the Office of the Attorney General of the Commonwealth of Virginia ("OAG"). Dkt. 9, 4; Dkt. 17. Defendant maintains that Exhibit A is "integral to and

6

explicitly relied on" by Plaintiff in his Complaint and Defendant notes that "[Plaintiff] do[es] not challenge [Exhibit A's] authenticity." Dkt. 9, 4 (citing *Edwards v. Murphy-Brown*, 760 F. Supp. 2d 607, 618 n. 3 (E.D. Va. 2011) ("The Fourth Circuit has held that a court may consider [extrinsic evidence] in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiff[ ] do[es] not challenge its authenticity."); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).

Exhibit A appears to be a letter from the OAG. Dkt. 17. The letter indicates that the OAG received the complaint Plaintiff filed with the OAG. Dkt. 17. The letter appears to summarize the complaint that Plaintiff filed before this Court and contains a copy of the same. *Id.*

To be sure, Plaintiff has not contested the authenticity of the OAG letter, and thus this Court must decide whether the OAG letter should be considered because it was integral to and explicitly relied on by Plaintiff.

Defendant, in support of its argument that this Court should consider the OAG letter, cites to footnote three of this Court's opinion in *Edwards v. Murphy-Brown, L.L.C.*. Dkt. 9, 4 (citing 760 F. Supp. 2d 607, 618 n. 3 (E.D. Va. 2011)). The Court finds that Defendant's reliance on *Edwards* is misplaced.

In *Edwards*, defendant attached a copy of the plaintiff's complaint filed with the United States Equal Employment Opportunity Commission ("EEOC") to defendant's motion to dismiss. 760 F. Supp. 2d at 618 n. 3. The *Edwards* plaintiff did not attach her EEOC complaint to her complaint filed with the *Edwards* Court. *Id.* However, the plaintiff in that matter specifically provided in her complaint filed with the *Edwards* Court that as a "procedural requirement[ ]," "[p]laintiff filed a timely charge of sex discrimination, sexual harassment, and retaliation, against [the d]efendant with the . . . EEOC[ ], and received her Notice of Right to Sue within Ninety (90)

days of filing this action." *Edwards v. Murphy-Brown, L.L.C.*, No. 2:10-cv-165, 2010 WL 2315134, at ¶ 6 (E.D. Va. Apr. 12, 2010). Thus, it could be said that the *Edwards* plaintiff *explicitly* relied on her EEOC complaint in the claims she filed with the Court in *Edwards*.

The same cannot be said for Plaintiff's allegations in the case at bar. Nowhere on the face of Plaintiff's Complaint does he *explicitly* mention, no less rely, on his filing with the OAG. As such, because Plaintiff did not explicitly rely on the OAG letter in his Complaint, this Court, in determining whether to grant Defendant's Motion to Dismiss, may not consider the OAG letter.

Without considering the OAG letter, Plaintiff's claim is nevertheless time-barred. Under section 2000e-5(e), a person generally has 180 days "after an unlawful employment practice" from which to bring a claim, unless that person has filed a complaint concerning the same issue with a "State or local agency." 42 U.S.C. § 2000e-5(e). Considering Plaintiff's Complaint in the light most favorable to Plaintiff and construing it liberally given Plaintiff's *pro se* status, the Complaint itself does has not indicate that Plaintiff has filed an appropriate complaint with a State or local law enforcement agency. Thus, Plaintiff had 180 days from the date of the alleged unlawful termination from which to bring his claim.

Plaintiff maintains that on September 21, 2017, Defendant wrongfully and discriminatorily terminated his employment. Dkt. 1, 2. Thus, pursuant to 42 U.S.C. § 2000e-5(e), Plaintiff would have had 180 days from September 21, 2017, to bring this action. 180 days from September 21, 2017 is March 20, 2018. Plaintiff brought this matter on September 20, 2019 almost 1 year and 6 months to the day untimely. Dkt. 1. Accordingly, this Court is constrained to dismiss Plaintiff's claim of discriminatory termination under the Civil Rights Act with prejudice because Plaintiff's action is untimely by approximately a year-and-a-half.

### b. Sufficiency of Facts Pleaded

Moreover, Plaintiff's discrimination claim fails because Plaintiff does not specifically plead facts to show that he performed his job satisfactorily and that he was treated differently from employees outside of his protected class who were similarly situated.

Under Title VII, it is unlawful for an employer to "discharge any individual, or to otherwise discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 20003-2 (a) (1). To make a *prima facie* showing of discrimination under Title VII, a plaintiff mush demonstrate "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Ct. of Appeals*, 626 F. 3d 187, 190 (4th Cir. 2010).

Defendant concedes that Plaintiff has pleaded sufficient facts to satisfy the first and third prongs of the analysis. *See* Dkt. 8, 5. Plaintiff has pleaded that he is from a protected class in that his place of national origin is Bangladesh. Dkt. 1, 4. Plaintiff has also sufficiently alleged that he suffered an adverse employment action because Defendant terminated his employment on September 21, 2017. *Id.* at 2.

However, the Court finds Plaintiff's pleadings with respect to the second element, which concerns satisfactory job performance, fundamentally deficient from a pleading perspective. To Plaintiff's credit, he does aver that "[d]uring more than a yearlong (sic) teaching profession," presumably for which Plaintiff was employed by Defendant, Plaintiff "had no complaint[s] and violation[s] . . ." and that Plaintiff did not make any mistakes. *Id.* at 1-2, 3. However, in light of the 12(b)(6) standard under which this Court must evaluate Plaintiff's Complaint, such allegations are conclusory and thereby do not withstand Defendant's Motion to Dismiss.

More critical, Plaintiff's Complaint is completely devoid of any facts that would tend to show that Plaintiff was disparately treated in comparison to those similarly situated outside of Plaintiff's protected class.

Because Plaintiff fails to sufficiently plead sufficient facts to support a justiciable claim for relief under Title VII, this Court must dismiss Plaintiff's Complaint for this reason.

### 2. Plaintiff's Due Process Claim

The Court must also dismiss Plaintiff's due process claim because Plaintiff had no property interest in his at-will employment.

It is axiomatic that "to be entitled to a due process hearing, one must have suffered by . . . state action a loss of either a property or a liberty interest." *Arnett v. Kennedy*, 416 U.S. 134, 164 (1974). However, "Virginia applies the common-law rule that an employment contract is presumed to be one terminable at will, upon reasonable notice, unless the period of the intended duration can be fairly inferred from its provisions." *Graham v. Cent. Fidelity Bank*, 245 Va. 395, 398 (Va. 1993).

In *James v. Powell*, this Court considered a former district court clerk's substantive due process claim where the plaintiff alleged she was denied a promotion. 765 F. Supp. 314, 316-17 (E.D. Va. 1991). After determining that the plaintiff was an at-will employee, the Court determined that plaintiff "therefore, ha[d] no legitimate expectancy of continued employment and consequently no property interest in continued employment, much less promotion." *James v. Powell*, 765 F. Supp. 314, 317 (E.D. Va. 1991). Thus, the Court dismissed the plaintiff's claim with prejudice because the plaintiff could not "prove any set of facts which would entitled her to relief" for her due process claim. *Id.* at 318.

This Court finds *James* highly persuasive. 765 F. Supp. at 316-17. Although in the instant matter, Plaintiff is challenging the termination of his employment, juxtaposed to the promotion at issue in *James*, the premise remains the same. *Id.* At will-employees have no continuing property interest that would have afford them substantive due process rights with respect to their jobs.

In this case, Plaintiff has not pleaded that there was an intended duration or legitimate expectancy of continued employment with the Fairfax Public School Board. Thus, based on the facts pleaded in Plaintiff's Complaint, it appears Plaintiff was an at-will employee. Dkt. 1, 4. Accordingly, the general rule governing at-will employee status under Virginia law applies. *See Grahm*, 245 Va. at 398. Thus, Plaintiff's due process claim is dismissed.

### 3. Plaintiff's Libel Claim

Finally, Plaintiff's libel claim fails to state a plausible claim for which relief may be granted because Defendant is immune from libel suits under Virginia law. "Since 1960, Virginia has recognized that the doctrine of sovereign immunity prevents a public school board from being held liable un account of its negligence." *B.M.H. by C.B. v. School Bd. Of City of Chesapeake Va.*, 822 F. Supp. 560, 573 (1993) (citing *Kellam v. School Bs. Of Norfolk*, 202 Va. 252 (Va 1960)). School boards in Virginia are immune from "liability for tortious injury [because school boards are] a governmental agency or arm of the state and [they] act [ ] in a governmental capacity in the performance of [their] duties imposed by law." *Kellam*, 202 Va. at 254 (Va. 1960). Thus, because Defendant is a governmental agency, and Plaintiff brings a common law claim of libel, which is a common law tort claim, this Court should dismiss Plaintiff's claim of libel with prejudice because Plaintiff has failed to state a justiciable claim from which relief may be granted. Accordingly, Plaintiff's libel claim is dismissed.

## IV. CONCLUSION

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiffs Motion for Leave to Amend (Dkt. 14) is GRANTED with respect to the caption of the case. The Clerk is directed to amend Defendant's name in the caption of the case to "Fairfax County School Board."

IT IS FURTHER ORDERED that the Defendant's Motion to Dismiss is GRANTED, and this case is hereby DISMISSED, with prejudice;

IT IS FURTHER ORDERED that Plaintiff's Motion for Declaratory Judgment (Dkt. 13) is DENIED;

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Health Exam (Dkt. 15) is now moot.

It is SO ORDERED.

Alexandria, Virginia
January 31, 2020

/s/
Rossie D. Alston, Jr.
United States District Judge